Linda MacLeod, CA State Bar No. 142023
**MORGAN, FRANICH, FREDKIN & MARSH**
99 Almaden Boulevard, Suite 1000
San Jose, California  95113
Telephone:  (408) 288-8288
Facsimile:  (408) 288-8325

Jeffrey J. Bouslog, *Appearing Pro Hac Vice*
Katherine M. Wilhoit, *Appearing Pro Hac Vice*
**OPPENHEIMER WOLFF & DONNELLY LLP**
45 South Seventh Street, Suite 3300
Minneapolis, Minnesota 55402
Telephone:  (612) 607-7000
Facsimile:  (612) 607-7100

**\*E-FILED ON 12/13/05\***

Attorneys for Plaintiff
KLA-TENCOR CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KLA-TENCOR CORPORATION, a Delaware
corporation,

                Plaintiff,

        vs.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, a New
York corporation, AIU INSURANCE
COMPANY, a New York corporation,

                Defendant.

Case No. C 05-03092 RMW

**STIPULATED PROTECTIVE ORDER**

**(MODIFIED BY THE COURT)**

    1.   <u>Introduction</u>.  Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following Protective Order for the protection of confidential information, documents, and other things produced, served, or otherwise provided in this action by plaintiff KLA-Tencor Corporation ("KLA-Tencor") and defendants National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and AIU Insurance Company ("AIU"), or third parties.

2.      Designated Material.   Information, material, and/or discovery responses may be designated pursuant to this Protective Order by the person or entity producing or lodging it or by any party to this action (the "Designating Party") if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed or lodged with the Court.  All such information and material and all information or material derived from it constitutes "Designated Material" under this Protective Order.  Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all material designated under this Protective Order shall be used by the parties and person receiving such Designated Materials solely for conducting the captioned litigation and any appellate proceeding relating thereto.  Designated Material shall not be used by any party or person receiving them for any business or other purpose.  No party or person shall disclose Designated Material to any other party or person not entitled to receive such Designated Material under the terms of this Protective Order.  (For purposes of this Protective Order, "disclose" or "disclosed" means to show, furnish, reveal indirectly or directly or provide any portion of the Designated Material or its contents, orally or in written communication, including the original or copy of the Designated Material).

3.      Access.

3.1      Materials Designated CONFIDENTIAL.  Subject to the limitations set forth in this Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purposes of avoiding disclosure of information the designating party in good faith believes is confidential.  Such information may include, but is not limited to:

(a)      The financial performance or results of the producing party, including without limitation income statements, balance sheets, cash flow analyses, budget projections, and present value calculations;

(b)     Corporate and strategic planning by the producing party, including without limitation marketing plans, competitive intelligence reports, sales projections and competitive strategy documents;

(c)     Names, addresses, and other information that would identify customers or prospective customers, or the distributors or prospective distributors of the producing party; and

(d)     Technical data, research and development data, and any other confidential commercial information or trade secrets of the producing party.

(e)     Documents or information designated by any party pursuant to the Stipulated Protective Order dated January 28, 2002 in the action styled *KLA-Tencor Corporation v. Tokyo Seimitsu Co., Ltd.*, Case No. CV01-2489 (SBA), U.S. District Court for the District of California.

Materials designated CONFIDENTIAL may be disclosed only to the following Designees:

3.1.1.   Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee, or recipient thereof.

3.1.2.   "Outside Counsel" retained as litigation attorneys of record in this action, and their respective associates, clerks, legal assistants, stenographic, videographic and support personnel, and other employees of such outside litigation attorneys, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations.   Presently the counsel of record are: the law firms of Oppenheimer Wolff & Donnelly LLP for plaintiff KLA-Tencor; and Hayes, Davis, Ellingson, McLay & Scott, LLP for defendants National Union and AIU.

3.1.3.   "In-House Counsel" for the parties to this action.   Such "In-House Counsel" is subject to the disclosure requirements of Section 3.3.

3.1.4.  "Outside Consultants" including non-party experts and consultants retained or employed by Outside Counsel to assist in the preparation of the case, to the extent reasonably necessary to render professional services in this action, subject to the disclosure requirements of section 3.3.

3.1.5.  The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court.

3.2.     Materials Designated ATTORNEYS AND CONSULTANTS ONLY.  Subject to the limitations in this Protective Order, Designated Materials may be marked "ATTORNEYS AND CONSULTANTS ONLY" for the purposes of avoiding disclosure of material which the designating party believes, in its discretion, constitutes its materials most sensitive CONFIDENTIAL INFORMATION.  ATTORNEYS AND CONSULTANTS ONLY materials can only be reviewed by or disclosed to:

3.2.1.  Persons who appear on the face of Designated Materials marked ATTORNEYS AND CONSULTANTS ONLY as an author, addressee, or recipient thereof;

3.2.2.  Outside Counsel for the parties to this action, as defined in section 3.1.2.

3.2.3.  Outside Consultants for the parties to this action, as defined in section 3.1.3.

3.2.4.  The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court.

3.3.     If any party wishes to disclose information or materials designated under this Protective Order as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY to any Outside Consultant, it must first identify that individual to the Outside Counsel for the Designating Party and submit a certification pursuant to section 4.2 signed by the Outside Consultant.  Such

identification shall at least include the full name and professional address and/or affiliation of the individual, his or her prior employment, consultancies or matters where testimony was provided for the previous five (5) years, and all of the person's other present employment or consultancies.  The Designating Party shall have five (5) business days from receipt of such initial identification and signed certification to object in writing to disclosure to any individual so identified.   The parties shall confer in an attempt to resolve any objections informally, and approval by the Designating Party shall not be unreasonably withheld.  If the objections cannot be resolved, the objecting party may move within fifteen (15) business days following its objection for a protective order to prevent disclosure of CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY materials to the individual.  In the event that such a motion is made, the party seeking to prohibit disclosure shall bear the burden of establishing good cause why the disclosure should not be made pursuant to Rule 26 of the Federal Rules of Civil Procedure.  Such Outside Consultant(s) cannot have access to Designated Material until the relevant time periods (including resolution of any timely pending motion) expire.

    4.    <u>Certificates Concerning Designated Materials</u>.

    4.1.    Each person designated under sections 3.1.3 or 3.1.4 to whom any Designated Material may be disclosed pursuant to this Protective Order shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Protective Order and shall certify under penalty of perjury that he or she has carefully read the Protective Order and fully understands its terms and agrees to be bound thereby.  This certificate shall be in the form attached as Exhibit A. Counsel who make any disclosure of Designated Materials shall retain each original executed certificate until the termination of this litigation.

    4.2.    In addition, each Outside Consultant to whom any designated material will be disclosed shall, prior to disclosure of such material, execute the Certification of Consultant in the

form attached hereto as Exhibit B.  Counsel who makes any disclosure of Designated Materials shall retain each original executed Certification of Consultant and shall circulate copies to all Outside Counsel for the opposing party concurrently with the identification of the Outside Consultant to the attorneys for the designating party pursuant to Section 3.3.

5.     Use of Designated Materials By Designating Party.  Nothing in this Protective Order shall limit any Designating Party's use of its own documents and information nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

6.     Designating Materials.

6.1.    Documents, materials, and discovery responses, in whole or in part, may be designated as CONFIDENTIAL or as ATTORNEYS AND CONSULTANTS ONLY as provided in this section 6:

6.2.    The producing and responding party shall designate materials by placing the legend CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY on each page of the materials prior to production.

6.3.    When a party wishes to designate as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY materials produced by someone other than the Designating Party (a "Producing Party"), such designation shall be made:

6.3.1.  Within fifteen (15) business days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

6.3.2.  By notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity

(either by production numbers or by providing other adequate identification of the specific materials). Such notice shall be sent by facsimile and by regular U.S. mail.

6.4.    Upon notice of designation, all persons receiving notice of the requested designation of materials shall:

6.4.1.   Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

6.4.2.   Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Protective Order; and

6.4.3.   If "CONFIDENTIAL" or "ATTORNEYS AND CONSULTANTS ONLY" materials or information contained therein is disclosed to any person other than those entitled to disclosure in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Designating Party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person(s). Notwithstanding the foregoing, Outside Counsel of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of "CONFIDENTIAL" or "ATTORNEYS AND CONSULTANTS ONLY" materials. Nothing in this Protective Order shall prevent a party from filing a motion with the Court seeking contempt or other such relief for any violation of this Protective Order.

7.    Designation of Deposition Testimony.

7.1.    Deposition transcripts or portions thereof may be designated as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY by a party during deposition testimony taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as CONFIDENTIAL or

ATTORNEYS AND CONSULTANTS ONLY.   The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

7.2.    Where testimony is designated at a deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Protective Order to receive such Designated Material.

7.3.    Any party may, within twenty-one (21) days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material.  If any party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the twenty-one (21) day period.  Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY.  Until the expiration of the twenty-one (21) days period, any portion of the deposition not previously designated shall be treated as ATTORNEYS AND CONSULTANTS ONLY and subject to protection as provided by this Protective Order.  After the expiration of the twenty-one (21) day period, if no party or deponent has timely designated any additional material, then such undesignated transcript and/or exhibits may be disclosed without restriction.

8.    Copies.  All complete or partial copies of a document that disclose Designated Materials shall be subject to the terms of this Protective Order.

9.    Court Procedures.

9.1.    Disclosure of Designated Materials to Court Officials.  Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court) and the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

9.2. <u>Filing Designated Materials with the Court</u>. In applications and motions to the Court, all Designated Material filed with the Court shall be filed **with a request for** ~~in a sealed envelope~~ **sealing which complies with Civil Local Rule 79-5. This Stipulated Protective Order creates no** ~~or container on which shall be affixed a cover sheet, which shall contain an indication of the nature~~ **entitlement to file confidential information under seal. Civil Local Rule 79-5 sets forth the** ~~of the contents, and prominently display the notation "DOCUMENT FILED UNDER SEAL," and a~~ **procedures that must be followed and reflects the standard that will be applied when a party** ~~statement substantially as follows:~~ **seeks permission from the court to file material under seal.**

~~THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER FO THE COURT.~~

~~9.3. The submission shall indicate clearly which portions are Designated Materials. A party that files a paper that is a pleading, brief, declaration, or exhibit and that contains, in excerpts, quotes, or paraphrases Designated Material shall only file the particular document or portion thereof under seal for which good cause to seal has been established as required by Civil Local Rule 79-5(b). The notation "DOCUMENT FILED UNDER SEAL" shall also be made on the document itself, as well as on the cover sheet.~~

~~9.4. The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions, and other pleadings filed under seal with the Court in this litigation that have been designated, in whole or in part, as Designated Material by a party to this action.~~

~~9.5. Retrieval of Designated Materials. The party responsible for lodging or filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of the action (including after any appeals).~~

9.6. <u>Failure to File Under Seal</u>. If any party fails to file Designated Materials under seal, the Designating Party or any party to this action may request that the Court

place the Designated Materials under seal within twenty (20) business days of the filing of said

Designated Materials. **Any such request must be made in accordance with Civil Local Rule 79-5.** ~~The Clerk of the Court is directed to comply with such request if made.~~

      10.   <u>Objections</u>.

      10.1.   A party may challenge the propriety of any designation under this Protective Order at any time.  A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity (e.g. the specific document name/title, page number, and objected to paragraph) the Designated Materials as to which the designation is challenged and state with particularity the basis for each challenge ("Notice of Objection").  Service of a Notice of Objection shall be made by facsimile and by mail.

      10.2.   On, but not before, the thirtieth (30th) business day after service of a Notice of Objection and full compliance with section 10.1, the challenged material shall be deemed de-designated unless the Designating Party has served by fax, email or hand delivery a response to the Notice of Objection setting forth the legal and factual grounds upon which the Designating Party bases its position that the materials should maintain the original designation or for designating the material otherwise.  Prior to the filing of any motion to change the designation, the parties agree to meet and confer in good faith.

      11.   <u>Client Communication</u>.   Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material.   In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose any Designated Material, except as otherwise permitted by this Protective Order.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

     12.     <u>No Prejudice</u>.

     12.1.    This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

     12.2.    Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

     12.3.    If any party required to produce documents contends that it inadvertently produced any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material.  If such written notice is provided to the other party within ten (10) business days of production, then the documents will be so designated.  If such written notice is not provided within the ten (10) day time frame, then the parties shall meet and confer in good faith to reach an agreement on how the material at issue should be treated.

     12.4.    Neither the provisions of this Protective Order, nor the filing of any material under seal, shall prevent the use in open court, at any hearing, or at trial of this case of any material that is subject to this Protective Order or filed under seal pursuant to its provisions.  Upon request of a party, the parties shall meet and confer concerning the use and protection of Designated Material in open court at any hearing.  Prior to the pretrial conference, the parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

     12.5.    Any inadvertent production of documents containing privileged information shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrines.  All parties specifically reserve the right to demand the return of any privileged documents that it may produce inadvertently during discovery if

the producing party determines that such documents contain privileged information.  After receiving

notice of such inadvertent production by the producing party, the receiving party agrees to make

reasonable and good faith efforts to locate and return to the producing party all such inadvertently

produced documents.

    13. <u>Modification and Survival</u>.

    13.1. <u>Modification</u>.  All parties reserve the right to seek modification of this

Protective Order at any time for good cause.  The parties agree to meet and confer prior to seeking to

modify this Protective Order for any reason.  The restrictions imposed by this Protective Order may

only be modified or terminated ~~by written stipulation of all parties or~~ by order of this Court.  Parties

entering into this Protective Order will not be deemed to have waived any of their rights to seek later

amendment to this Protective Order.

    13.2. <u>Survival and Return of Designated Material</u>.  This Protective Order

shall survive termination of this action.  Upon final termination of the action, including appeals and

retrials, and at the written request of the Designating Party, all Designating Material, including

**except for materials filed with the court,**

deposition testimony regarding designated exhibits and all copies thereof, shall be returned to

Outside Counsel for the Designating Party, or if such party is not represented by counsel, directly to

the Designating Party.  Such Designated Materials shall either be returned at the expense of the

Designating Party or at the option and expense of the requesting party, destroyed.  Upon request for

the return or destruction of Designated Materials, Outside Counsel shall certify their compliance

with this provision and shall deliver such certification to Outside Counsel for the Designating Party

not more than ninety (90) calendar days after the written request to return or destroy Designated

Materials.  Counsel who has submitted one or more Certificate(s) prepared pursuant to Section 4

does not need to retain any such certificates past the ninety (90) calendar day period.

13.3.  Archival Copies.  Notwithstanding the provisions for return or destruction of Designated Materials, Outside Counsel may retain pleadings, attorney and consultant work product, deposition transcripts and exhibits contained Designated Material, as well as one copy of each item of Designated Material for archival purposes.

14.  No Contract.  This Protective Order shall not be construed to create a contract between the parties or between the parties and their respective counsel.

15.  Court's Retention of Jurisdiction.  The Court retains jurisdiction for ~~one (1) year~~ **six months** after final termination of the action, including appeals and retrials, to make such amendments, modifications, deletions and additions to this Protective Order as it may from time to time deem appropriate **as well as to enforce the terms of this Order.**

16.  Effective Date.  This Protective Order shall be effective upon the signing of this Protective Order by the Judge.

Dated:  December 9, 2005       By:    s/ Katherine M. Wilhoit
                                      Jeffrey J. Bouslog, MN State Bar No. 174671
                                      Katherine M. Wilhoit, MN State Bar No. 030380X
                                      **OPPENHEIMER WOLFF & DONNELLY, LLP**
                                      45 South Seventh Street, Suite 3300
                                      Minneapolis, Minnesota 55402
                                      Telephone:   (612) 607-7000
                                      Facsimile:   (612) 607-7100

                                      And

                                      Linda McLeod, CA State Bar No. 142023
                                      **MORGAN, FRANICH, FREDKIN & MARSH**
                                      99 Almaden Boulevard, Suite 1000
                                      San Jose, California 95113
                                      Telephone:   (408) 288-8288
                                      Facsimile:   (408) 288-8325

                                      **ATTORNEYS FOR PLAINTIFF**
                                      **KLA-TENCOR CORPORATION**

Dated:  December 6, 2005          By:      s/ Stephen Ellingson
                                          Stephen Ellingson, CA State Bar No. 136505
                                          **HAYES, DAVIS, ELLINGSON, MCLAY &**
                                          **SCOTT, LLP**
                                          203 Redwood Shores Parkway
                                          4th Floor
                                          Redwood Shores, California 94065
                                          Telephone:    (650) 637-9100
                                          Facsimile:    (650) 637-8071

                                          **ATTORNEYS FOR DEFENDANTS NATIONAL**
                                          **UNION FIRE INSURANCE COMPANY OF**
                                          **PITTSBURGH, PA, AND AIU INSURANCE**
                                          **COMPANY**


                                          ORDER
                                                       **(AS MODIFIED BY THE COURT)**
        PURSUANT TO THE FOREGOING STIPULATION‸IT IS SO ORDERED.


Dated: **December 13, 2005**

                                                 **/s/ Howard R. Lloyd**
                                 **Magistrate** Judge of the United States District Court

## <u>EXHIBIT A</u>

**Certification Concerning Material Covered By Protective Order**

I, the undersigned, hereby certify that I have read the attached Protective Order entered in the lawsuit before the United States District Court for the Northern District of California entitled <u>KLA-Tencor Corporation v. National Union Fire Insurance Company of Pittsburgh, PA, and AIU Insurance Company</u>, Case No. CV-05-03092 RMW.  I understand the terms of this Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court for the Northern District of California in any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court.  I will not use, disclose, show, furnish, or provide either the original or a copy of any Designated Materials marked CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY to anyone other than persons specially authorized by the Order and agree to return all such material which come into my possession to counsel form whom I received such materials.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Name of Individual: _____

Present occupation/job description: _____

_____

Name of Company or Firm: _____

Address: _____

Telephone No.: _____

## **EXHIBIT B**

**Consultant Certification**

I, the undersigned, hereby certify that I have read the attached Protective Order entered in the lawsuit before the United States District Court for the Northern District of California entitled KLA-Tencor Corporation v. National Union Fire Insurance Company of Pittsburgh, PA, and AIU Insurance Company, Case No. CV-05-03092 RMW (the "Action").  I certify that I am not currently engaged in a business, employment or a consulting relationship for or with or as a competitor of any person or entity currently a party to this Action.  If at any time after I execute this Consultant Certification and during the pendency of the action I become engaged in a business, employment or a consulting relationship for or with or as a competitor of any person or entity currently a party to this action, I will promptly inform the attorneys for the party who retained me in this action, and I will not thereafter review Designated Materials marked CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY unless and until the Court in the Action orders otherwise.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Name of Individual: _____

Present occupation/job description: _____

_____

Name of Company or Firm: _____

Address: _____

Telephone No.: _____

Date:_____