**E-FILED on** __8/28/06__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KLA-TENCOR CORPORATION, a Delaware Corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>NATIONAL UNION FIRE INSURANCE OF PITTSBURGH, PA, a Pennsylvania corporation; and AIU INSURANCE COMPANY, a New York corporation,<br><br>            Defendants. | No. C-05-03092 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO ADD COUNTERCLAIM FOR REIMBURSEMENT<br><br>**[Re Docket Nos. 58, 103, 111]** |

Defendants National Union Fire Insurance of Pittsburgh, PA and AIU Insurance Company move for leave to amend their answer to plaintiff KLA-Tencor Corporation's complaint to add a claim for reimbursement. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

KLA obtained litigation insurance from the defendants. In 2001, KLA sued Tokyo Seimitsu Company, Ltd. for patent infringement. Tokyo Seimitsu counterclaimed for disparagement and malicious prosecution. KLA, believing its insurance covered the counterclaims, tendered them to the defendants and requested that defendants handle them

ORDER GRANTING DEFENDANTS' MOTION TO ADD COUNTERCLAIM FOR REIMBURSEMENT—No. C-05-03092 RMW
JAH

pursuant to the insurance policy. The defendants did not agree to defend KLA until November 2002. Defendants paid KLA approximately $100,000 in 2003 to reimburse it for its legal fees.

In 2005, KLA initiated this action against the defendants, claiming that the defendants should have agreed sooner to handle the defense of Tokyo Seimitsu's counterclaims and should have paid defense costs as they were incurred. According to KLA, it spent over $7.5 million defending those counterclaims, and defendants now owe it this sum.

The close of discovery in this action was on May 15, 2006. On June 7, 2006, defendants sent KLA a check for approximately $3.9 million, claiming that this was all they owed KLA under California Civil Code § 2860. On June 30, 2006, the defendants moved for leave to amend their answer to add a claim for reimbursement of any portion of the $3.9 million that was not for expenses covered by the insurance policy.

## II. ANALYSIS

The Ninth Circuit uses the plain meaning of the Federal Rules of Civil Procedure to determine if supplemental pleadings should be allowed. *See United States v. Springer*, 491 F.2d 239, 241-42 (9th Cir. 1974). Rule 13(e) provides that "[a] claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading." Though KLA objects to the defendants adding a counterclaim at this juncture, neither side has presented any caselaw directly on point.[1]

Here, the defendants did not pay the $3.9 million until well after they had answered KLA's complaint. This counterclaim certainly would seem more mature and concrete now that the sum has been paid. While KLA complains that making the payment after the close of discovery was impermissible gamesmanship on the defendants' part in an attempt to avoid KLA directing

---

[1] The Ninth Circuit has noted that a claim for reimbursement under California law appears independent of declaratory relief that an insurance company will not be liable for future costs. *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113-14 (9th Cir. 2001). In a prior case in the Northern District of California, an insurer was allowed to bring a counterclaim for reimbursement before paying anything on a litigation insurance policy, noting jurisdiction would be proper under the Declaratory Judgment Act. *See SecuriMetrics, Inc. v. Hartford Cas. Ins. Co.*, 2005 WL 2463749 at *2-3 (N.D. Cal. 2005). The resort to the Declaratory Judgment Act implies that the claim for reimbursement does not arise until the money subject to the reimbursement claim is actually paid or ordered paid. Under the law of another jurisdiction, contribution claims similarly do not arise until after the initial claim is decided. *See Hartford Accident & Indem. Co. v. Levitt & Sons, Inc.*, 24 F.R.D. 230, 232 (E.D. Pa. 1959).

discovery to their motives for doing so, it is not clear to the court what discovery KLA would be entitled to that would not be protected by the attorney-client privilege.  Furthermore, payment of $7.5 million is one of the major remedies KLA seeks in this action; to deny the defendants here leave to add their counterclaim for reimbursement would have the undesirable effect of discouraging future insurers in the position of the defendants from paying sums allegedly owed to future insureds in the position of KLA.  The defendants should be allowed to add this supplemental counterclaim under Rule 13(e).

Even if the proposed counterclaim was considered one omitted—and thus to be added, if at all, under Rule 13(f)—rather than one maturing after the initial pleading, the court would still have discretion to allow it.  *See Ralston-Purina Co. v. Bertie*, 541 F.2d 1363, 1367 (9th Cir. 1976).  The court would find defendants had good cause to add the counterclaim for reimbursement now, shortly after paying KLA the $3.9 million.  That defendants asserted in their initial answer an affirmative defense of offset of payments as to the first $100,000 they paid KLA should not be taken as a waiver of their rights to seek reimbursement or offset as to amounts they had not at that time yet paid.

### III.  ORDER

For the foregoing reasons, the court grants the defendants' motion for leave to amend their answer to add a counterclaim for reimbursement.

DATED:      8/28/06

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Adam C. Trampe | ATrampe@Oppenheimer.com |
| Christine Lindblad Nessa | cnessa@Oppenheimer.com |
| David A. Prange | |
| Linda M. MacLeod | lmacleod@mffmlaw.com |
| Jeffrey John Bouslog | JBouslog@Oppenheimer.com |
| Katherine Mary Wilhoit | Kwilhoit@oppenheimer.com |

**Counsel for Defendants:**

Stephen P. Ellingson    sellingson@hayesdavis.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    8/28/06

**Chambers of Judge Whyte**
ORDER GRANTING DEFENDANTS' MOTION TO ADD COUNTERCLAIM FOR REIMBURSEMENT—No. C-05-03092 RMW JAH
4